UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DOUGLAS BERNSTEIN, ELAINE INGULLI, TERRY HALBERT, EDWARD ROY, LOUIS PENNER, and ROSS PARKE, as personal representative of THE ESTATE OF ALISON CLARKE-STEWART, on behalf of themselves and others similarly situated,

Plaintiffs,

against

CENGAGE LEARNING, INC.,

Defendant.

CIVIL ACTION NO.: 18 Civ. 7877 (VEC) (SLC)

**ORDER GRANTING MOTION TO APPOINT INTERIM CLASS COUNSEL**

**SARAH L. CAVE**, United States Magistrate Judge.

On August 12, 2019, Plaintiffs Douglas Bernstein, Elaine Ingulli, Terry Halbert, Edward Roy, Louis Penner, and Ross Parke, as personal representative of The Estate of Alison Clarke-Stewart, on behalf of themselves and others similarly situated (collectively, "Plaintiffs") filed a complaint asserting a breach of contract claim against Defendant Cengage Learning, Inc. ("Cengage"). (ECF No. 1). Plaintiffs allege that Cengage violated the terms of its publishing agreements by failing to pay authors for use of their works in accordance with those agreements, and failing to pay the authors certain royalties. (Id. at ¶¶ 54–59).

Plaintiffs now move for the appointment of the law firm of Susman Godfrey L.L.P. ("Susman Godfrey") as interim class counsel pursuant to Federal Rule of Civil Procedure 23(g)(3). (ECF Nos. 26–27). No other plaintiffs have made a motion seeking the appointment of different interim counsel, but Cengage opposes the motion. (ECF No. 32). For the reasons set forth below, Plaintiffs' motion is GRANTED.

## I. DISCUSSION

### A. Legal Standard

Rule 23(g)(3) provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" Manual for Complex Litigation (Fourth) § 21.11 (2004). "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." Buonasera v. Honest Co., Inc., 318 F.R.D. 17, 18 (S.D.N.Y. 2016). Pursuant to Rule 23(g)(1)(A), a court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

### B. Analysis

On review of Plaintiffs' Motion, the Court finds that Susman Godfrey meets the four factors set forth in Rule 23(g)(1)(A).

First, the Court is satisfied that the work Susman Godfrey has done to date in identifying and investigating potential claims weighs in favor of their appointment as interim class counsel. Susman Godfrey's pre-suit investigation included reviewing Cengage's securities filings and publishing agreements, interviewing Cengage textbook authors, analyzing royalty statements, and consulting industry experts concerning Cengage's royalty payment practices. (ECF No. 27 at 8). Since filing the complaint, these investigative efforts have continued. (Id.). The Court

concludes that Susman Godfrey has demonstrated their history of investigating the potential claims in this action.

Taking the second and third factors together, Susman Godfrey has extensive experience in litigating class actions in this District and elsewhere, and in complex commercial disputes, including in breach of contract actions in the media industry. (ECF Nos. 28-1 – 28-6). The Court finds that Susman Godfrey possesses the relevant knowledge and experience to serve effectively as interim class counsel.

Regarding the fourth factor, Susman Godfrey has represented that it "can commit substantial resources to this case," including resources for managing a large volume of document and deposition discovery, and engaging experts as needed. (ECF No. 27 at 14). The firm is comprised of approximately 100 attorneys situated in four offices and has staffed this case with four experienced litigators. (ECF Nos. 28-1 – 28-6). Therefore, the Court finds that this factor also weighs in favor of granting Plaintiffs' motion.

Cengage objects to Plaintiffs' Motion not on the merits of any of the factors relevant under Rule 23(g)(1)(A), but on the ground that "the relief sought is [] unnecessary and inappropriate." (ECF No. 32 at 2). Cengage maintains that because only one law firm represents Plaintiffs and there are no other pending related actions, Susman Godfrey's appointment is unnecessary. (Id. at 3). While true that two similar recent actions against Cengage are no longer pending,[1] the recent existence of those other cases asserting similar claims with other plaintiffs represented by counsel other than Susman Godfrey shows that the possibility of more

---

[1] Hull v. Cengage, et al., No. 19 Civ. 7662 (ALC) (S.D.N.Y.) and Knox v. Cengage Learning Holdings II, Inc., et al., No. 18 Civ. 4292 (GBD) (S.D.N.Y.).

such cases is not foreclosed. Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently. Cengage's alternative argument that appointing counsel is premature (id.), is similarly unpersuasive in light of the Court's analysis of the four Rule 23(g)(1)(A) factors set forth above. Plaintiffs here have sufficiently made the showing of a need and benefit that was found to be lacking in the two cases on which Cengage relies. See Sullivan v. Barclays PLC, No. 13 Civ. 2811 (PKC), 2013 WL 2933480, at *1 (S.D.N.Y. June 11, 2013); Nelson v. Nissan N. Am., Inc., No. 11 Civ. 5712 (JEI/AMD), 2012 WL 12904341, at *2 (D.N.J. Dec. 17, 2012).

## II. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that:

1. Plaintiffs' Motion to Appoint Susman Godfrey L.L.P. Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g) is GRANTED.

2. Pursuant to Federal Rule of Civil Procedure 23(g)(3), the Court designates the law firm Susman Godfrey L.L.P. as Interim Class Counsel in this action.

3. Interim Class Counsel shall be generally responsible for coordinating activities during pretrial proceedings and shall:

    a. Determine and present (in briefs, oral argument, or other fashion as may be appropriate, personally or by a designee) to the court and opposing parties the position of the Plaintiffs and proposed class(es) on all matters arising during pretrial proceedings;
    b. Coordinate the conduct of discovery on behalf of Plaintiffs and the proposed class(es) consistent with the requirements of Federal Rule of Civil Procedure 26, including preparation of interrogatories and requests for production of documents and the examination of witnesses in depositions;
    c. Conduct settlement negotiations on behalf of Plaintiffs and the proposed class(es);
    d. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation; and
    e. Perform such other duties as may be incidental to the proper coordination of pretrial activities or authorized by future order of the Court.

4. This Order shall apply to each related class action pending or subsequently filed in or transferred to the United States District Court for the Southern District of New York.

The Clerk of the Court is respectfully directed to close ECF No. 26.

Dated: November 26, 2019
New York, New York

_____
**SARAH L. CAVE**
**United States Magistrate Judge**