# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS BERNSTEIN, ELAINE INGULLI, TERRY HALBERT, EDWARD ROY, LOUIS PENNER, and ROSS PARKE, as personal representative of THE ESTATE OF ALISON CLARKE-STEWART, on behalf of themselves and others similarly situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>CENGAGE LEARNING, INC.,<br><br>      Defendant. | Civil Action No. 19-cv-7541-ALC-SLC<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

WHEREAS, the Parties having previously agreed to terms of confidentiality set forth in the Stipulated Protective Order entered at Docket 49 in the above captioned action (the "Order"); and

WHEREAS, the Parties have further agreed to supplement the terms of that Order, including by adding an additional designation of confidentiality to that Order as reflected below, it is hereby

AGREED that the following restrictions and procedures shall also apply to information and documents exchanged by the parties in connection with the above-captioned action:

1.  Counsel for any party may designate any document or information, in whole or in part, as ATTORNEY'S EYES ONLY if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise extremely sensitive, highly confidential non-public information, the disclosure of which to an opposing party would create a substantial risk of competitive or business injury to

1

the disclosing party ("AEO Information"). Information and documents designated by a party under this classification will be stamped "ATTORNEY'S EYES ONLY."

2. Other than as set forth below, all restrictions and procedures set forth in the Order with respect to documents and information designated CONFIDENTIAL shall also apply to AEO Information.

3. The parties agree that the attached Exhibit A will replace the Exhibit A attached to the Order, and that all requirements and procedures with respect to Exhibit A from the Order will also apply to the attached replacement Exhibit A.

4. The parties agree that the scope of disclosure for Confidential information set out in Paragraph 4 of the Order shall not apply to AEO Information. Instead, all AEO Information shall not be disclosed by the receiving party to any person, except:

    a. Outside counsel for the receiving party;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. To the extent a party seeks to file any AEO Information with the Court, such information shall be filed under seal to the extent permitted by the Court. The parties shall follow the Court's procedures for requests for filing under seal. The party who designated the documents "ATTORNEY'S EYES ONLY" shall have the obligation to justify any sealing request.

6. The parties further agree that information designated as either CONFIDENTIAL or ATTORNEY'S EYES ONLY may be shown to a current officer or employee of the disclosing party at any deposition of such an officer, employee, or party, and to persons shown on the face of the document to have authored the document or received it prior to commencement of this action, at any deposition of such person. Information designated as either CONFIDENTIAL or ATTORNEY'S EYES ONLY may be shown at the deposition of any other persons only if counsel believes, in good faith, that tendering the document is necessary to elicit testimony relevant to the matters at issue in this case, and provided that the witness has executed Exhibit A.

7. The parties further agree that information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY may be shown to the officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript of the deposition, provided that such individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A;

8. The parties further agree that information designated as CONFIDENTIAL or ATTORNEY'S EYES ONLY may be shown to employees of any copying, imaging, computer services, and/or litigation support services hired by the receiving party in connection with the litigation of this action, to the extent those individuals are bound to protect confidential information either by their services contract with counsel or by execution of Exhibit A.

9. The parties further agree that all or any portion of the transcript(s) of any deposition in this action shall be subject to the terms of the Order and this stipulation, and can be designated CONFIDENTIAL or ATTORNEY'S EYES ONLY by any party. Such a designation may be made either at the deposition or within seven days of receipt of the transcript of the

deposition. Any notice provided of such a designation within seven days of receipt of the transcript shall be provided to counsel for the other party in writing, email being sufficient, and shall specify that portion of the deposition transcript to be designated CONFIDENTIAL or ATTORNEY'S EYES ONLY. Attorneys for the parties shall treat any deposition transcript as CONFIDENTIAL until such seven-day period for notice has elapsed. If AEO Information was introduced as an exhibit at a deposition, attorneys for the parties shall treat the deposition transcript as ATTORNEY'S EYES ONLY until such seven-day period for notice has elapsed.

SO STIPULATED AND AGREED.

Dated: May 19, 2021

                                            _/s/ Alexander W. Aiken_
Kalpana Srinivasan (admitted *pro hac vice*)
Steven G. Sklaver (admitted *pro hac vice*)
Rohit D. Nath (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067-6029
Telephone: 310-789-3100
Facsimile: 310-789-3150
ksrinivasan@susmangodfrey.com
ssklaver@susmangodfrey.com
rnath@susmangodfrey.com

Chanler A. Langham
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002-5096
Telephone: 713-651-9366
Facsimile: 713-654-6666
clangham@susmangodfrey.com

Arun Subramanian
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6023
Telephone: 212-336-8330
Facsimile: 212-336-8340
asubramanian@susmangodfrey.com

Alexander W. Aiken (admitted *pro hac vice*)
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101
Tel.: (206) 516-3880
Fax: (206) 516-3883
aaiken@susmangodfrey.com

*Interim Class Counsel*


/s/ Jennifer Philbrick McArdle
James F. Rittinger
Andrew L. Fish
Glenn C. Edwards
Jennifer Philbrick McArdle

DUANE MORRIS LLP
230 Park Avenue, Suite 1130
New York, NY 10169
Telephone: 212-818-9200
Facsimile: 212-818-9606
JFRittinger@duanemorris.com
ALFish@duanemorris.com
GCEdwards@duanemorris.com
JPMcArdle@duanemorris.com

*Attorneys for Defendant*

Dated: New York, New York
　　May 20, 2021

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　/s/ Sarah L. Cave
　　　　　　　　　　　　　　　　　　　　　　　　SARAH L. CAVE
　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**

# Exhibit A

# Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____


_____
Signed in the presence of:


_____
(Attorney)