USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _____9/28/2021_____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------  x

**DOUGLAS BERNSTEIN ET AL.,**                          :
                                                       :
                                   **Plaintiffs,**     :
                                                       :        **1:19-CV-07541-ALC-SLC**
                  **-against-**                        :
                                                       :        <u>**Opinion and Order**</u>
**CENGAGE LEARNING, INC.,**                            :
                                                       :
                                   **Defendant.**      :
                                                       :
                                                       :
----------------------------------------------------------  x

**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs Douglas Bernstein, Elaine Ingulli, Terry Halbert, Edward Roy, Louis Penner,

and Ross Parke, as personal representative of The Estate of Alison Clarke-Stewart, on behalf of

themselves and others similarly situated (collectively, "Plaintiffs"), moved for leave to file a

First Amended Complaint ("FAC"). The motion is considered fully briefed. ECF Nos. 61–65, 72,

76, 77. Pending before the Court is Magistrate Judge Sarah L. Cave's April 22, 2021 Report and

Recommendation ("R&R") granting in part and denying in part the motion. ECF No. 94.

Defendant Cengage Learning, Inc. ("Cengage") submitted timely objections to the R&R on May

6, 2021. ECF No. 97. On May 20, 2021, Plaintiffs filed an opposition to those objections. ECF

Nos. 102, 103. For the reasons that follow, the Court adopts the R&R in full and, therefore,

Plaintiffs' motion to amend is granted in part and denied in part.

## BACKGROUND AND PROCEDURAL HISTORY

I assume the parties' familiarity with the factual and procedural background of this case

as laid out in Judge Cave's R&R.

**1. Judge Cave's R&R**

As relevant here, Magistrate Judge Sarah L. Cave's R&R recommended that Plaintiffs be (1) denied leave to amend their breach of contract claims and (2) granted leave to amend their claim for breach of the implied covenant of good faith and fair dealing.

More specifically, regarding breach of contract, Judge Cave found that the proposed MindTap amendments should be denied because of Plaintiffs' "delay and corresponding prejudice to Cengage" due in large part to their failure to seize earlier opportunities to amend. ECF Nos. 94 at 14–15, 95 at 14–15. She also found that the MindTap amendments were futile as "Plaintiffs [were] seeking, through the FAC, to propound a breach of contract claim that [my] MTD Order foreclose[d]." *Id.* at 15–17. Likewise, the Unlimited amendments to the breach of contract claim, Judge Cave found, were futile because my MTD Order "preclude[d] the theory that Plaintiffs attempt[ed] in the FAC." *Id.* at 17–18. Therefore, Judge Cave recommended denial of the motion as to Plaintiffs' breach of contract claims.

However, Judge Cave found that Plaintiffs should be permitted to amend their claim for breach of the implied covenant of good faith and fair dealing as to Unlimited. She opined that Plaintiffs provided sufficient facts to show that Cengage's allocation methodology with respect to the Unlimited platform plausibly demonstrated a lack of good faith. She wrote:

> I find that Plaintiffs' amendments in the FAC sufficiently rectify the deficiencies in pleading bad faith that Judge Carter identified to justify granting leave to amend the breach of the implied covenant of good faith and fair dealing claim relating to Unlimited. First, the FAC alleges ███████████████████████ ███████████████████ Second, the FAC alleges that Cengage designed its allocation methodology "to line its own pockets at the expense of authors, by inflating the value of Cengage's own supposed contributions to the [] Unlimited platform and systematically undervaluing royalty-bearing textbooks that are available on the platform." Third, the FAC alleges that Cengage has concealed its allocation methodology from authors who supply Works for the Unlimited platform. Each of these allegations, if true, evidence the "ulterior motive" requisite for a showing of bad faith under Massachusetts and Minnesota law. Accordingly, Plaintiffs' proposed amendments to their breach of the implied covenant of good

faith and fair dealing with respect to Unlimited are not futile, and leave to amend is warranted. *Id.* at 18–19 (citations omitted).

She also reasoned—as did my MTD Order—that Plaintiffs' failure to adequately plead an express breach of contract claim does not bar their claim for breach of the implied covenant where an "ulterior motive" was sufficiently pled. *Id.* at 19–20. As such, Judge Cave recommended granting the motion as to Plaintiffs' breach of the implied covenant of good faith and fair dealing.

### 2. Defendant Cengage Learning's Objections

While no party objected to the R&R with respect to the express breach of contract claims, Cengage objected that Judge Cave erred in her determination that Plaintiffs should be allowed to amend their implied covenant claim. Cengage wrote that Judge Cave provided "insufficient analysis in the R&R as to whether plaintiffs have sufficiently met their pleading burden." ECF No. 97 at 3. They specifically objected to the portion of the R&R finding that the FAC sufficiently states an implied covenant claim as to Unlimited.

### LEGAL STANDARDS

### 1. Review of the Report & Recommendation ("R&R")

After a magistrate judge issues a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" in the district court. 28 U.S.C. § 636(b)(1)(C). The district court "shall make a *de novo* determination to those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015) ("If a party timely objects to any portion of a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection is made.'" (quoting 28 U.S.C. § 636(b)(1))).

Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18 Civ. 10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)); *Barratt v. Joie*, No. 96 Civ. 0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("Parties filing objections to recommendations are required to 'pinpoint specific portions of the report and recommendations to which [they] objec[t]....' " (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992))).

If, however, "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error." *Velez v. DNF Assocs., LLC*, No. 19 Civ. 11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (quoting *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014)); *see also Colliton v. Donnelly*, No. 07 Civ. 1922, 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), *aff'd*, 399 F. App'x 619 (2d Cir. 2010) ("The vast majority of plaintiff's objections are patently frivolous and require no discussion."); *Brown v. Ebert*, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006) ("[W]here the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,' the court reviews the report for clear error.") (quoting *Gardine v. McGinnis*, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006))); *Barratt*, 2002 WL 335014, at *1. Thus, when a plaintiff does not "lodge[] any specific objections, the court [] review[s] the [report and recommendation] for clear error." *Petrovic v. Comm'r of Soc. Sec.*, No. 15 Civ. 194, 2016 WL 6082038, at *2 (S.D.N.Y. Oct. 14, 2016).

**2. Motions to Amend**

Motions to amend are governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that a party "may amend its pleading once as a matter of course[,]" Fed. R. Civ. P. 15(a)(1), but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2). Rule 15(a)(2) further instructs district courts to "freely give leave [to amend] when justice so requires." *Id.* The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10). "This permissive standard is [also] consistent with [the Second Circuit's] strong preference for resolving disputes on the merits." *Wang v. King*, No. 19 Civ. 8948, 2020 WL 417690, at *3 (S.D.N.Y. Jan. 27, 2020) (slip op.) (internal quotation marks omitted) (alteration in original). "When a claim is dismissed because of pleading deficiencies, the usual remedy is to permit a plaintiff to amend [her] complaint." *A.I.B. Express, Inc. v. FedEx Corp.*, 358 F.Supp.2d 239, 254 (S.D.N.Y. 2004).

Nonetheless, district courts may deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Foman*, 371 U.S. at 182. "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir. 1991)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists where a claim "pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In "[d]etermining whether a complaint states a plausible claim ... [t]he court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Gillespie v. St. Regis Residence Club, New York Inc.*, No. 16-cv-9390, 2019 WL 4747185, at *4 (S.D.N.Y. Sept. 30, 2019) (citing *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam)).

## DISCUSSION

I will review *de novo* the portion of the R&R to which Cengage objected regarding whether the Complaint meets the federal pleading standard for the claim under the implied covenant of good faith and fair dealing against Cengage Unlimited. I agree with Judge Cave's well-reasoned recommendation to grant leave to amend this claim.

The proposed Unlimited amendments cure Plaintiffs' prior pleading deficiencies. My MTD Order concluded that Plaintiffs had "pleaded a breach [of the implied covenant] as to MindTap, but not Cengage Unlimited." ECF No. 52 at 9. For MindTap, I concluded that Plaintiffs had sufficiently pleaded a lack of good faith under Massachusetts and Minnesota law because they alleged facts that Cengage, "in exercising its discretion to determine what among net receipts from the sales of MindTap is attributable to the authors and what is attributable to Cengage-made materials, systematically undervalued authors' contributions to enrich themselves." *Id.* at 10. And that, "[i]f true, Cengage has exercised its discretion with the ulterior motive of appropriating what should go to the authors to itself." *Id.* But, in dismissing the claim with respect to Unlimited, I wrote that Plaintiffs had only made assertions about the subscription price being too low where "there [was] no allegation that Cengage [was] in any way taking more

of the pie than it is due, or otherwise acting with a bad faith motive." *Id.* The proposed amendments resolve this issue.

I agree with the three sets of allegations identified by the R&R, not unlike the allegations against MindTap, that Judge Cave found sufficient to state an implied covenant claim against Cengage Unlimited. ECF Nos. 94 at 17–18, 95 at 17–18. ([T]he PFAC asserts the same allegations that the Court previously found sufficient to state a claim in its MTD Order, namely, that Cengage has been systematically overvaluing its own contributions to MindTap and undervaluing author contributions in order to pad its own profits."). Taken together and if true, the new allegations—that ███████████████████████████████████████ ███████████████████████████████, that the allocation methodology was designed for Cengage "to line its own pockets at the expense of authors," and that Cengage concealed the allocation methodology from authors involved with Unlimited—suggest that Cengage "systematically undervalued authors' contributions to enrich themselves" and thus provide a sufficient showing of bad faith at this stage. The proposed amendments go beyond the mere assertion that the Unlimited subscription price is too low and plead facts that—when viewed in Plaintiffs' favor and as a whole—demonstrate that Cengage ██████████████████████████ ████[1] Therefore, I adopt Judge Cave's recommendation to permit amending the implied covenant claim as to Unlimited.

I will now turn to Cengage's contention that a claim under the implied covenant of good faith and fair dealing cannot exist absent an express breach of contract claim. Although Cengage appears to style this argument as an R&R objection, I have previously resolved (and thus

---

[1] Additionally, Cengage's attempt at isolating each category of allegations in a vacuum for purposes of analyzing plausibility is inconsistent with the federal pleading standard. At the pleading stage, all factual allegations in the complaint must be viewed in their totality.

foreclosed) this argument in my MTD Order and Judge Cave also rejected and considered this argument in the R&R. Because Cengage's arguments just "attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion]," *Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008), I will review that portion of the R&R for clear error. The relevant section of the R&R states:

> Judge Carter explained that Cengage's discretion to allocate was circumscribed by the obligation to act in good faith. As Judge Carter noted, '[a] party may breach the covenant of good faith and fair dealing without breaching any express term of that contract. Thus, the conclusion that Plaintiffs cannot state express breach of contract claims does not preclude their breach of implied covenant claim where . . . they have added sufficient factual allegations to plausibly show . . . Cengage had an 'ulterior motive.' *Id.* at 19–20 (citations omitted).

Seeing no clear error, I also adopt this portion of the R&R.

I have reviewed the rest of the R&R for clear error and have found none.

## CONCLUSION

For the foregoing reasons, I adopt the R&R in its entirety and overrule Cengage's objection. Accordingly, Plaintiffs' motion to amend is denied in part and granted in part. Plaintiffs may amend their complaint as permitted by this Opinion and Order. The Clerk of Court is respectfully directed to restrict the viewing level of this Opinion and Order to the case participants and the Court. A redacted version will also be filed for the public.

**SO ORDERED.**

**Dated**: Sept. 28, 2021
New York, New York

The Hon. Andrew L. Carter, Jr.
United States District Judge