**GIBSON DUNN**

> Defendants' letter-motion seeking a pre-motion conference (ECF No. 135) is GRANTED. A telephone conference is scheduled for **Thursday, May 12, 2022 at 4:00pm** on the Court's conference line. The parties are directed to call 866-390-1828, access code: 380-9799, at the scheduled time.
>
> The Clerk of Court is respectfully directed to close ECF No. 135.
>
> SO ORDERED 4/21/22
>
> */s/ Sarah L. Cave*
> SARAH L. CAVE
> United States Magistrate Judge

April 20, 2022

<u>VIA ECF</u>

The Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:   *Bernstein, et al. v. Cengage Learning, Inc.*, Case No. 19-cv-7541-ALC-SLC

Dear Judge Cave:

Pursuant to Local Civil Rule 37.2 and the Court's Individual Practice Rule II.C.2, Defendant Cengage Learning, Inc. respectfully requests a pre-motion conference to discuss its anticipated motion to compel disclosure of Plaintiffs' theory and computation of its alleged damages.  The parties have conferred by phone and have been unable to resolve this dispute.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires that Initial Disclosures include "a computation of each category of damages claimed by the disclosing party," as well as the material "on which each computation is based, including materials bearing on the nature and extent of injuries suffered."  Plaintiffs' Initial Disclosures do not comply with this requirement: they lack any computation, analysis, theory of damages, or supporting documents.  Instead, Plaintiffs merely state in conclusory fashion that "[t]he damages (excluding prejudgment interest) that Plaintiffs have suffered include the difference between the royalty payments Cengage has actually paid and royalty payments Cengage should have paid pursuant to the publishing agreements." (Ex. A at 3–4.)  Critically, and with the context that the Court has dismissed all of their claims for breach of contract, Plaintiffs have still failed to clarify precisely what they believe Cengage *should have* paid.

Cengage requested supplemental damages disclosures more than three months ago—on January 5, 2022.  (*See* Ex. B at 1.)  After Plaintiffs did not respond, Cengage reiterated its request on February 17, March 4, and March 8.  Cengage also raised the issue on multiple meet-and-confer calls (during which time it continued to work in good-faith to meet the Plaintiffs' ongoing demands for extensive discovery prior to the certification of a class in this action).  In their written response dated March 23, Plaintiffs disputed that Cengage was entitled to this information, but indicated that they agreed to "serve amended disclosures with additional detail regarding damages." (Ex. C.)  In a subsequent response dated March 31, Plaintiffs promised to serve supplemental disclosures during the week of April 4, and then failed to do so without notifying Cengage of any change in position or reason for the delay.

**GIBSON DUNN**

April 20, 2022
Page 2

On April 11, counsel for the parties conferred about their outstanding discovery disputes, including supplemental damages disclosures. I participated in the call on behalf of Cengage (along with Michael Gibson, Alexander Harris, and Dylan Noceda), and Alexander Aiken participated on behalf of Plaintiffs. We again inquired as to the status of Plaintiffs' Supplemental Disclosures. Mr. Aiken responded that Plaintiffs would serve supplemental disclosures regarding their alleged damages for MindTap, but that they needed to await a full document production before providing supplemental disclosures related to their theory and calculation of damages as to Cengage Unlimited. Accordingly, the parties agreed they were at an impasse and Cengage informed Plaintiffs that, if they did not serve adequate amended disclosures, Cengage would request a pre-motion conference with the Court. As of the filing of this letter, Plaintiffs still have not served any Supplemental Disclosures. But given their stated unwillingness to disclose information regarding alleged damages to Cengage Unlimited (after months of delay), Cengage brings this issue before the Court now. Depositions are proceeding this week and Cengage still does not have this basic information.

### I.     Plaintiffs Must Disclose Their Computation and Theory of Damages.

Although Rule 26(a)(1)(A)(iii) requires "a computation of each category of damages claimed by the disclosing party," Plaintiffs' Initial Disclosures do not contain any computation or theory of damages regarding Cengage Unlimited. Further, Plaintiffs have failed to cure this defect through supplemental disclosures, even after repeated requests. Cengage therefore seeks leave to bring a motion to compel this information.

"Rule 26(a) requires a party to provide a computation of any category of damages." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295–96 (2d Cir. 2006). Even when "damages are not the product of a simple mathematical calculation and require expert testimony, … the party claiming damages still has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim." *US Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, No. 12-6811 (CM) (JCF), 2013 WL 5495542, at *3 (S.D.N.Y. Oct. 3, 2013). Plaintiffs are not excused from complying with Rule 26(a)(1)(A)(iii) simply because computing the alleged damages may be difficult. *See Scantibodies Laboratory, Inc. Church & Dwight Co.*, No. 14-2275 (JGK) (DF), 2016 WL 11271874, at *5 (S.D.N.Y. Nov. 4, 2016) ("[T]he fact that Plaintiff's damages computation might be complex and lengthy and involve a lot of documents [does] not excuse Plaintiff from complying with the requirements of the Rule.").

Cengage is also "entitled to know Plaintiff[s'] theory of damages." *Antolini v. McCloskey*, 335 F.R.D. 361, 364 (S.D.N.Y. 2020). "[C]ourts examining this issue have held that Rule 26(a)(1)(A)((iii) requires more than merely setting forth the figure demanded" and that it "contemplates an estimate of damages and *some analysis*." *Max Impact, LLC v. Sherwood Group, Inc.*, No. 09-902 (JGK) (HBP), 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7,

**GIBSON DUNN**

April 20, 2022
Page 3

2014) (citations omitted) (emphasis in original).  Plaintiffs' vague assertion that their damages are whatever unpaid royalties they were entitled to receive is plainly insufficient.  In particular, Plaintiffs have given no indication of how they intend to measure the alleged underpayment of royalties for net receipts from Cengage Unlimited, which are based on subscriptions and therefore not directly attributable to specific works included on that platform.  If Plaintiffs seek damages on the theory that Cengage calculated their royalties in an improper manner, they must set forth their position as to the proper method of calculation.

### II. Plaintiffs Have Unnecessarily Delayed Cengage's Preparation Of Its Defense.

Plaintiffs' failure is even more inexcusable because substantial fact discovery has occurred and depositions scheduled to commence next week.  *See* Dkt. 128 at 2.  As discovery progresses, "much greater detail… [is] necessary to satisfy Rule 26(a)."  *Design Strategy*, 469 F.3d at 295; *Thompson v. Jamaica Hosp. Med. Ctr.*, No. 13-1896 (RWS), 2015 WL 3824254, at *3 (S.D.N.Y. Jun. 19, 2015) ("When a case … has progressed into discovery, a more detailed calculation becomes necessary.").  Plaintiffs' refusal to detail their theory of damages "depriv[es] [Cengage] of a meaningful opportunity to conduct discovery as to [its] damages theory."  *24/7 Records, Inc. v. Sony Music Ent., Inc.*, 566 F. Supp. 2d 305, 318 (S.D.N.Y. 2008).  Their delay in providing the most basic information required by Rule 26(a) has needlessly frustrated Cengage's ability to oppose class certification.

Rule 26(a) requires that damages disclosures be made "voluntarily, i.e. without awaiting a discovery request."  *Design Strategy*, 469 F.3d at 295.  A party violates Rule 26 when "[r]ather than comply with Rule 26(a)(1)'s requirement that [it] provide the required disclosures of its own volition, [it] supplement[s] its initial disclosures only in response to . . . repeated requests and [court] Orders."  *Max Impact*, 2014 WL 902649, at *6; *Thompson*, 2015 WL 3824254, at *3 ("It should not take a conference, a motion to compel, a court order, and a motion for sanctions to generate a computation of damages.").  A "failure to comply" with Rule 26(a)'s disclosure requirements is "especially troubling" where, as here, the opposing party "specifically *requested* a calculation of damages."  *Design Strategy*, 469 F.3d at 295.

Instead of curing the inadequacies in their Initial Disclosures, Plaintiffs have stonewalled, maintained that they are not bound by the plain requirements of Rule 26(a), and attempted to delay by serving materially identical "amended" disclosures.  Accordingly, Cengage respectfully requests a pre-motion conference to discuss its anticipated motion.

Sincerely,

Christopher Chorba