# GIBSON DUNN

> Defendant's letter-motion requesting to file under seal Cengage's Memorandum of Law in Support of its Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel and several accompanying exhibits (ECF No. 184) is GRANTED. The Clerk of Court is respectfully directed to (i) seal the documents at ECF Nos. 186 and 186-1 – 186-5 which shall remain visible only to the selected parties, and (iii) close ECF No. 184.
>
> SO ORDERED 12/27/22
>
> SARAH L. CAVE
> United States Magistrate Judge

December 23, 2022

VIA ECF

Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:   *Bernstein v. Cengage Learning, Inc.*, Case No. 1:19-cv-07541-ALC-SLC

Your Honor:

We write on behalf of Defendant Cengage Learning, Inc.  Pursuant to the terms of the Stipulated Protective Order (Dkt. 49 ¶ 10) and your Honor's Individual Practices in Civil Cases ¶ I.F.2., we respectfully seek leave to file under seal (1) Cengage's Memorandum of Law in Support of its Opposition to Plaintiffs' Motion for Class Certification and Appointment of Class Counsel ("Opposition") and (2) the accompanying Appendix of Evidence (other than exhibits A, A9, A10, A12, A25–A27, C1–C12, C15–C23, J, L, M, P, and Q, which need not be sealed).  Cengage's Opposition and the accompanying Appendix of Evidence reference or include documents and deposition testimony that Cengage has designated as "Confidential" or "Attorney's Eyes Only."  Cengage will file unredacted versions via ECF using the "Selected Parties" viewing level.

Cengage's Opposition and the accompanying Appendix of Evidence contain proprietary information regarding Cengage's business activities and publishing agreements.  Documents containing "trade secret or other confidential research, development, or commercial information," such as the proprietary information and contract terms at issue here, may be placed under seal upon a showing of good cause.  Fed. R. Civ. P. 26(c)(l)(G); *see also GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning … marketing strategies, product development, costs and budgeting"); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (regulatory organization's "'interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access'").

Cengage makes significant efforts to protect the confidentiality of the information reflected in the Opposition and Appendix of Evidence in order to prevent competing publishers from obtaining details to which they are not entitled and that would reveal the inner workings of its business.  Preserving the confidentiality of Cengage's non-public information is necessary to prevent it from falling into the hands of third parties who could use it to injure

**GIBSON DUNN**

December 23, 2022
Page 2

Cengage.  *See Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury").

   For the reasons set forth above, Cengage respectfully asks that the Court issue an order permitting Cengage to file under seal the Opposition and Appendix and to file redacted versions of these documents on the public docket.

             Sincerely,

             Christopher Chorba

cc:  All Counsel or Record (via ECF)