**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA 90071
Tel 213.229.7000
www.gibsondunn.com

Christopher Chorba
Direct: +1 213.229.7396

> Defendant's letter-motion seeking to file under seal (i) Defendant's Memorandum of Law in Support of its Motion to Exclude the Expert Testimony of Daniel F. Spulber and (2) its accompanying exhibits, is GRANTED, and the documents at ECF Nos. 190 and 190-1 shall remain visible only to the selected parties.
>
> The Clerk of Court is respectfully directed to close ECF No. 189.
>
> SO ORDERED 02/15/23
>
> SARAH L. CAVE
> United States Magistrate Judge

January 31, 2023

<u>VIA ECF</u>

Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Bernstein v. Cengage Learning, Inc.*, Case No. 1:19-cv-07541-ALC-SLC

Your Honor:

      We write on behalf of Defendant Cengage Learning, Inc. Pursuant to the terms of the Stipulated Protective Order (Dkt. 49 ¶ 10) and your Honor's Individual Practices in Civil Cases ¶ I.F.2., we respectfully seek leave to file under seal (1) Defendant's Memorandum of Law in Support of Its Motion to Exclude the Expert Testimony of Daniel F. Spulber ("Motion to Exclude") and (2) the accompanying Appendix of Evidence. Cengage's Motion to Exclude and the accompanying Appendix of Evidence reference or include documents and deposition testimony that the parties have designated as "Confidential" or "Attorney's Eyes Only." Cengage will file unredacted versions via ECF using the "Selected Parties" viewing level.

      These materials contain proprietary information regarding Cengage's business activities and publishing agreements. Documents containing "trade secret or other confidential research, development, or commercial information," such as the proprietary information and contract terms at issue here, may be placed under seal upon a showing of good cause. Fed. R. Civ. P. 26(c)(l)(G); *see also GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning … marketing strategies, product development, costs and budgeting"); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (regulatory organization's "'interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access'").

      Cengage makes significant efforts to protect the confidentiality of the information reflected in the Motion to Exclude and Appendix of Evidence in order to prevent competing publishers from obtaining details to which they are not entitled and that would reveal the inner workings of its business. Preserving the confidentiality of Cengage's non-public information is necessary to prevent it from falling into the hands of third parties who could use it to injure Cengage. *See Gelb v. AT&T*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury").

GIBSON DUNN

January 31, 2023
Page 2

      For the reasons set forth above, Cengage respectfully asks that the Court issue an order permitting Cengage to file under seal the Motion to Exclude and Appendix.

                                              Sincerely,

                                              Christopher Chorba

cc:  All Counsel or Record (via ECF)