February 14, 2023

SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 3000
401 UNION STREET
SEATTLE, WASHINGTON 98101-3000
(206) 516-3880
FAX (206) 516-3883
WWW.SUSMANGODFREY.COM

Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

**Re:   *Bernstein v. Cengage Learning, Inc.*, Case No. 1:19-cv-07541-ALC-SLC**

Dear Magistrate Judge Cave:

Pursuant to Local Civil Rule 37.2 and the Court's Individual Practice II.C.2, Plaintiffs respectfully request a pre-motion conference to discuss their anticipated motion to strike class certification declarations Defendant Cengage submitted to support its defenses from individuals it failed to disclose until either a mere two weeks before the close of fact discovery (for 7 witnesses) or two months after (for 4 witnesses). The belated disclosure of these 11 new witnesses violated Federal Rule 26 and was neither "substantially justified" nor "harmless." Fed. R. Civ. P. 37(c)(1). Cengage cites the declarations in support of arguments it was aware of long ago and its sandbagging deprived Plaintiffs of a meaningful opportunity for discovery. In these circumstances, "preclusion under Rule 37(c) is automatic." *Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*, 2021 WL 1298925, at *3 (S.D.N.Y. Apr. 7, 2021) (quotation omitted).[1]

### I.   Legal Standard

Rule 26(a) requires parties to disclose "the name ... of each individual likely to have discoverable information ... that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). "'[U]se' includes any use 'to support a motion, or at trial,'" *New World Sols., Inc. v. NameMedia Inc.*, 150 F. Supp. 3d 287, 303 (S.D.N.Y. 2015) (quotation omitted), and includes and requires the disclosure of witnesses who may be used to oppose class certification. *See Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72–75 (E.D.N.Y. 2012) (striking class certification declarations from late-disclosed witnesses); *accord Advance Tr. & Life Escrow Servs., LTA v. N. Am. Co. for Life & Health Ins.*, 592 F. Supp. 3d 790, 798–99 (S.D. Iowa 2022); *Roberts v. Scott Fetzer Co.*, 2010 WL 3546499, at *6–10 (M.D. Ga. Sept. 7, 2010); *Drenckhahn v. Costco Wholesale Corp.*, 2010 WL 11506641, at *9–10 (C.D. Cal. Mar. 31, 2010).

Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial." Fed. R. Civ. P. 37(c)(1). "The sanction of preclusion under Rule 37(c) is automatic absent a determination of either substantial justification or harmlessness." *Mail Am. Commc'ns, Inc.*, 2021 WL 1298925 at *3 (quotation omitted).[2]

---

[1] The parties conferred January 19, 2023. Cengage declined to withdraw the declarations and opposed the relief sought.
[2] "In determining whether to exercise its discretion to preclude evidence under Rule 37, courts examine (1) the party's explanation for the failure to comply with the discovery rules; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to address the new evidence; and (4) the possibility of a continuance." *Lujan*, 284 F.R.D. at 68 (citation omitted).

February 14, 2023
Page 2

## II. Cengage Violated the Disclosure Requirements of Rule 26

On December 12, 2022, Cengage belatedly disclosed for the first time three of its own employees—Heather Bradley Cole, Jason Fremder, and Lara Semones, all "Product Managers"—and one author, Barry Babin, from whom it has submitted class certification declarations. *Compare* Ex. 1 (initial disclosures), *with* Ex. 3 (second amended disclosures). That was over two months after the October 3 discovery deadline, two months after Plaintiffs filed their motion (on October 14), and just over one week before Cengage filed its opposition. *See* Dkt. No. 128 (CMP). Their late disclosure plainly violated the disclosure requirements of Rule 26. *See Drenckhahn*, 2010 WL 11506641, at *9–10 (disclosure after discovery and shortly before class opposition violated Rule 26(a)); *Advance Tr. & Life Escrow Servs.*, 592 F. Supp. 3d at 798 (similar).

That was not Cengage's first violation of Rule 26(a). On September 20, 2022, Cengage disclosed seven authors—Michael Campbell, Andrew DuBrin, OC Ferrell, Christine Harrington, Robert Hughes, William Pride, and Larry Siegel—a mere two weeks before the October 3 discovery deadline. *Compare* Ex. 1 (initial disclosures), *with* Ex. 2 (first amended disclosures). Each of these authors were signed with Cengage for years and even decades (in some instances) before this lawsuit was filed. Cengage's eleventh-hour disclosure of these witnesses also violated Rule 26(a). *See, e.g.*, *Vieste, LLC v. Hill Redwood Dev.*, 2011 WL 2181200, at *2 (N.D. Cal. June 3, 2011) (disclosure two weeks before discovery closed violated Rule 26(a)); *Nance v. Kentucky Nat'l Ins. Co.*, 2005 WL 8159348, at *10 (S.D.W. Va. July 28, 2005) (twenty-two days). "[F]ailure to disclose in a timely manner is equivalent to failure to disclose." *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998). "The practical effect"—depriving Plaintiffs of the opportunity for discovery—"is the same as an untimely disclosure on the eve of trial." *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings*, 2010 WL 11646584, at *2 (D. Minn. Aug. 16, 2010).

## III. Cengage's Violations of Rule 26 Were Neither Justified nor Harmless

Cengage cannot satisfy its burden to prove that its violations of Rule 26 were substantially justified or harmless. *See Mail Am. Commc'ns, Inc.*, 2021 WL 1298925, at *3 (burden on the party that "failed to disclose"). Cengage has not and cannot justify why it waited until the close of discovery, or months after, to disclose 11 new witnesses. Cengage submitted declarations from each to argue that individualized issues predominate. Dkt. No. 186, at 7, 12, 19–20. But Cengage has known from the moment this case was filed that it would make such an argument. Cengage, in fact, moved to strike class allegations on this very ground. Dkt. No. 40, at 18–25. "It strains credulity to suggest" Cengage did not think "it may be important to try to demonstrate that the individual issues … predominate over the common issues" until the end of class discovery or "while reading Plaintiff[s'] motion." *Roberts*, 2010 WL 3546499, at *8; *Advance Tr. & Life Escrow Servs.*, 592 F. Supp. 3d at 798 (similar); *Drenckhahn*, 2010 WL 11506641, at *9 (similar).[3]

And Cengage's violations of Rule 26 were "clearly prejudicial" and not harmless. *Advance*

---

[3] Even if Cengage claims that it did not dawn on it to assert these defenses until recently, that still would not justify Cengage's Rule 26 violations because it *could have* developed the defense during discovery. *See Qorrolli v. Metro. Dental Assocs.*, 2022 WL 4556193, at *2 (S.D.N.Y. Sept. 29, 2022); *Roberts*, 2010 WL 3546499, at *8.

*Tr. & Life Escrow Servs., LTA*, 592 F. Supp. 3d at 799. Cengage's violations deprived Plaintiffs "of the opportunity to take depositions and receive document discovery related to the declarants" in the time provided by the case scheduling order. *Lujan*, 284 F.R.D. at 74–75; *see also Rella v. Westchester BMW, Inc.*, 2022 WL 1711695, at *2 (S.D.N.Y. May 27, 2022) ("Defendants have not had an opportunity to seek discovery …, let alone to follow up on any additional avenues for discovery …."); *Drenckhahn*, 2010 WL 11506641, at *10 ("[T]he untimely disclosure is not harmless to Plaintiff because he can no longer conduct class-related discovery.").

Plaintiffs, in fact, asked early in discovery for Product Managers as custodians to explore how they set digital royalty allocations ("DRAs") and for their communications with authors about royalty calculations—the topics of the Product Manager and author declarations submitted. Cengage refused. *See* Ex. 4. After blocking discovery, Cengage's late disclosure of new witnesses about these very issues smacks of gamesmanship. *See Roberts*, 2010 WL 3546499, at *7 (failure to disclose "aggravated by the fact that Plaintiff specifically sought this information"); *Drenckhahn*, 2010 WL 11506641, at *9 (similar).

Cengage's only attempt to try to cure the substantial prejudice its violations of Rule 26 caused was to float the possibility, on a January 19, 2023 meet and confer, of seeking Court approval of a continuance and a ***limited*** reopening of discovery. But Cengage's proposal "would transform Rule 37(c)(1)'s 'self-executing,' 'automatic' sanction into a nullity." *Plexxikon Inc. v. Novartis Pharms. Corp.*, 2019 WL 12038882, at *3 (N.D. Cal. Sept. 9, 2019) (quotation omitted). Taking such action would "serve no purpose except to encourage parties to disregard the Court's scheduling order and would result in further delay.'" *New World Sols., Inc.*, 150 F. Supp. 3d at 308 (cleaned up). Courts have thus repeatedly held that similar gambits do not excuse or render violations of Rule 26(a) harmless. *See id.*; *Plexxikon Inc.*, 2019 WL 12038882, at *3; *Hallmark Indus., Inc. v. Hallmark Licensing, LLC*, 2019 WL 302514, at *5 (W.D. Mo. Jan. 23, 2019).

And even if Cengage were to seek and obtain Court approval for a continuance and some limited discovery (*e.g.*, depositions of the witnesses), which it has not, Plaintiffs would still suffer prejudice. Plaintiffs have been denied the "opportunity to pursue further discovery that may have arisen from [these witnesses'] documents or testimony." *Plexxikon Inc.*, 2019 WL 12038882, at *4. And Plaintiffs would be burdened with "significant additional costs," including delayed resolution and potential resubmission of their motion for class certification. *See Lujan*, 284 F.R.D. at 75; *see also Lebada v. New York City Dep't of Educ.*, 2016 WL 626059, at *7 (S.D.N.Y. Feb. 8, 2016) (close of discovery "weighs strongly against the possibility of a continuance"). Cengage "should not be permitted to upset a [class] discovery schedule which was extremely liberal and to which [Plaintiffs] adhered," *Pal v. New York Univ.*, 2008 WL 2627614, at *6 (S.D.N.Y. June 30, 2008), and to foist the costs of its discovery violations on Plaintiffs.

Because Cengage's belated "attempt[s] to introduce new evidence" are "precisely the kind of 'sandbagging' that Rule 37 seeks to prevent," *Mail Am. Commc'ns, Inc.*, 2021 WL 1298925, at *3, the Court should strike the declarations from the 11 new witnesses. The parties agreed to the following briefing schedule, which they ask the Court to enter: Cengage's response letter-motion shall be due February 24, 2023, and Plaintiffs' letter-motion reply shall be due March 3, 2023.

February 14, 2023
Page 4

Respectfully,

*/s/ Alexander W. Aiken*

Alexander W. Aiken

---

Plaintiffs' letter-motion requesting a pre-motion conference (ECF No. 193) is GRANTED, and a telephonic conference will be held on **Friday, March 3, 2023 at 3:00 p.m.** on the court's conference line. The parties are directed to call: (866) 390-1828; access code: 380-9799, at the scheduled time.

The Clerk of Court is respectfully directed to close ECF No. 193.

SO ORDERED 02/15/23

SARAH L. CAVE
United States Magistrate Judge