# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

333 South Grand Avenue
Los Angeles, CA  90071
Tel 213.229.7000
www.gibsondunn.com

Christopher Chorba
Direct: +1 213.229.7396
Fax: +1 213.229.6396
CChorba@gibsondunn.com

Client: 21517-00001

March 14, 2023

<u>VIA ECF</u>

Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:     *Bernstein v. Cengage Learning, Inc.*, Case No. 1:19-cv-07541-ALC-SLC

Your Honor:

We write on behalf of Defendant Cengage Learning, Inc.  Pursuant to the terms of the Stipulated Protective Order (Dkt. 49 ¶ 10) and your Honor's Individual Practices in Civil Cases ¶ I.F.2., we respectfully seek leave to file under seal (1) Defendant's Reply in Further Support of Its Motion to Exclude the Expert Testimony of Daniel F. Spulber ("Reply Brief") and (2) the accompanying Declaration of Alexander Harris and exhibits thereto ("Harris Declaration").  Cengage's Reply Brief and the Harris Declaration reference or include documents and deposition testimony that the parties have designated as "Confidential" or "Attorney's Eyes Only."  Cengage will file unredacted versions via ECF using the "Selected Parties" viewing level.

These materials contain proprietary information regarding Cengage's business activities and publishing agreements.  Documents containing "trade secret or other confidential research, development, or commercial information," such as the proprietary information and contract terms at issue here, may be placed under seal upon a showing of good cause.  Fed. R. Civ. P. 26(c)(l)(G); *see also GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning … marketing strategies, product development, costs and budgeting"); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (regulatory organization's "'interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access'").

Cengage makes significant efforts to protect the confidentiality of the information reflected in the Reply Brief and Harris Declaration in order to prevent competing publishers from obtaining details to which they are not entitled and that would reveal the inner workings of its business.  Preserving the confidentiality of Cengage's non-public information is necessary to prevent it from falling into the hands of third parties who could use it to injure Cengage.  *See Gelb v. AT&T*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) (granting motion to

**GIBSON DUNN**

March 14, 2023
Page 2

seal documents based upon the "assertion that its competitors who do not now have this information could use it to do [the party] competitive injury").

For the reasons set forth above, Cengage respectfully asks that the Court issue an order permitting Cengage to file under seal the Reply Brief and Harris Declaration.

Sincerely,

Christopher Chorba

---

Defendant's letter-motion seeking to file under seal (i) Defendant's Reply in Further Support of Its Motion to Exclude the Expert Testimony of Daniel F. Spulber and (ii) the accompanying Declaration of Alexander Harris and its corresponding exhibits (collectively, the "Reply Filings") (ECF No. 223) is GRANTED, and the documents at ECF Nos. 224, 225, and 225-1 – 225-4 shall remain visible only to the selected parties.

By **Thursday, March 16, 2023**, Defendant shall file proposed redacted versions of the Reply Filings.

The Clerk of Court is respectfully directed to close ECF No. 223.

SO ORDERED 03/15/23

SARAH L. CAVE
United States Magistrate Judge