# GIBSON DUNN

> Defendant Cengage Learning, Inc.'s request at ECF No. 265 is GRANTED. The redacted versions of the Court's Opinion and Order (ECF No. 265-1) and Report and Recommendation (ECF No. 265-2) shall remain as visible to the public. The unredacted versions of the two documents (ECF Nos. 259–60) shall remain as visible only to the Court and the parties.
>
> The Clerk of Court is respectfully directed to continue to maintain ECF Nos. 259–60 as visible only to the selected parties, and to close ECF No. 265.
>
> SO ORDERED.   7/10/2023
>
> *[signature]*
> SARAH L. CAVE
> United States Magistrate Judge

July 7, 2023

<u>VIA ECF</u>

Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

Re:   *Bernstein v. Cengage Learning, Inc.*, Case No. 1:19-cv-07541-ALC-SLC

Your Honor:

Pursuant to the terms of the Stipulated Protective Order (ECF No. 49 ¶ 10) and your Honor's Individual Practices in Civil Cases ¶ I.F.2., Defendant Cengage Learning, Inc. respectfully seeks leave to redact selected portions of Your Honor's Opinion and Order regarding Cengage's motion to exclude the testimony of Daniel F. Spulber (ECF No. 259), and Your Honor's Report and Recommendation regarding Plaintiffs' Motion for Class Certification (ECF No. 260). These documents contain extensive references to Cengage's confidential and proprietary business information. Many of these references are to information that the Court has previously sealed (*see, e.g.*, ECF Nos. 64, 176, 187, 199, 200, 235, 240, & 250), and/or that the parties have designated as "Confidential" or "Attorney's Eyes Only." Cengage will file unredacted versions via ECF using the "Selected Parties" viewing level, with highlighting to indicate its proposed redactions.

The *Daubert* order and Report contain proprietary information regarding Cengage's business activities and financial information, including references to specific, non-public revenue figures. Documents containing "trade secret or other confidential research, development, or commercial information," such as the revenue figures and other non-public details at issue here, may be placed under seal upon a showing of good cause. Fed. R. Civ. P. 26(c)(l)(G); *see also GoSmile, Inc. v. Levine*, 769 F. Supp. 2d 630, 649–50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning … marketing strategies, product development, costs and budgeting"); *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (regulatory organization's "'interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access'").

The parties have conferred and removed certain redactions, including to material previously sealed (such as the DRA levels). In light of those discussions, Cengage has narrowed its proposed redactions to highly sensitive, non-public business information. Plaintiffs have indicated that they do not oppose the proposed redactions. A copy of the