# GIBSON DUNN

March 8, 2024

<u>VIA ECF</u>

Hon. Sarah L. Cave
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY  10007-1312

> By **March 13, 2024**, Plaintiffs shall file a response to Defendant's letter at ECF No. 307.
>
> SO ORDERED.     3/8/2024
>
> *[signature]*
> SARAH L. CAVE
> United States Magistrate Judge

Re:     *Bernstein v. Cengage Learning, Inc.*, Case No. 1:19-cv-07541-ALC-SLC

Magistrate Judge Cave:

On March 4, 2024, Plaintiffs filed their Motion to Approve the Form and Manner of Class Notice (ECF Nos. 300-304).  Plaintiffs propose three forms of notice:  (1) a short-form notice that will be mailed to class members; (2) a long-form notice that will be posted on a website maintained by Rust, the class administrator; and (3) publication notice consisting of an electronic press release through *PR Newswire*.  (ECF No. 301 at 2).

Cengage submits this response to limit its opposition to the third proposed form of notice, a press release through *PR Newswire*.  Courts approve of this type of publication notice "where it is not reasonably possible or practicable to give more adequate warning" to class members.  *Dornberger v. Metropolitan Life Ins. Co.*, 203 F.R.D. 118, 123 (S.D.N.Y. 2001) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950)).  In other words, publication notice may be appropriate if there are class members "whose whereabouts or interests cannot be determined through due diligence."  *Hecht v. United Collection Bureau, Inc.*, 691 F.3d 218, 224 (2d Cir. 2012).  For example, in *Dornberger*, publication notice was proper, as class members "could not be reached because the records have been purged, time has passed, or addresses have changed."  *Id.*

That is not the situation here.  Cengage is working cooperatively with Plaintiffs to finalize the list of class members (as defined by the Court's order) by manually eliminating authors (1) whose works do not expressly provide that the agreement is governed under New York or Massachusetts law, (2) whose royalty-bearing works have not been sold on the MindTap platform and assigned a DRA of 50% or 75%, (3) whose works have not been used on the CU platform, and/or (4) whose works contain a clause restricting litigation of disputes to courts other than this District or require disputes to be arbitrated.  Once that process is complete, there will be *direct* notice through mailing and a website posting.  The author class will thus receive personalized, direct notice, and the first and second of Plaintiffs' proposals will be sufficient to satisfy due process and the notice requirements of Rule 23.

GIBSON DUNN

March 8, 2024
Page 2

In addition to being unnecessary, a press release carries unnecessary risks of confusion among authors.  Given the carve-outs, notice will only be directed to those authors who are part of the class as narrowed by Plaintiffs and the Court's order.  This is a specific subset of authors and a small percentage of Cengage's overall author base.  Publicizing the certification order through a press release will confuse the many Cengage authors who are *not* in the class.  The parties, Rust, and possibly even the Court will then receive inquiries from authors who may fall outside of the class definition, thus increasing costs and creating needless inefficiencies.

Cengage respectfully requests that the Court reject the proposed press release.  Before filing this response, Cengage communicated its opposition to Plaintiffs, who did not agree and requested three days to file a brief response.  Cengage does not oppose that request so that the Court may have the benefit of the parties' position on this issue.

Sincerely,

Christopher Chorba

cc:  All Counsel or Record (via ECF)