UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DOUGLAS BERNSTEIN, ELAINE INGULLI, TERRY HALBERT, EDWARD ROY, LOUIS PENNER, and ROSS PARKE, as personal representative of THE ESTATE OF ALISON CLARKE-STEWART, on behalf of themselves and others similarly situated,<br><br>             Plaintiffs,<br><br>  vs.<br><br>CENGAGE LEARNING, INC.,<br><br>             Defendant. | Civil Action No. 19-cv-7541-ALC-SLC |

ORDER GRANTING MOTION
FOR APPROVAL OF FORM AND MANNER OF CLASS NOTICE

WHEREAS, on June 6, 2023, the Honorable Sarah L. Cave recommended to the Honorable Andrew L. Carter, Jr. that the implied covenant claim in the above-captioned action be certified to proceed as a class action against Defendant Cengage Learning, Inc. on behalf of Classes consisting of:

**MindTap Class:** Authors of works who entered into a publishing agreement with Cengage Learning, Inc., or one of its predecessors-in-interest, that provides that the agreement will be governed by New York or Massachusetts law, and whose works have been sold on the MindTap platform and assigned a Digital Royalty Allocation ["DRA"] of 50 percent or 75 percent, except those authors whose publishing agreement contained (i) an arbitration clause or (ii) a clause restricting the litigation of disputes to courts other than the U.S. District Court for the Southern District of New York.

**CU Class:** Authors of royalty-bearing works who entered a publishing agreement with Cengage Learning, Inc., or one of its predecessors-in-interest, that provides that the agreement will be governed by New York or Massachusetts law, and whose works have been used on Cengage Unlimited, except those authors whose publishing agreement contained (i) an arbitration clause or (ii) a clause restricting the litigation of disputes to courts other than the U.S. District Court for the Southern District of New York.

Dkt. No. 260 at 44–45 (the "Report and Recommendation").

WHEREAS, Judge Cave further recommended that the Court appoint Susman Godfrey LLP as class counsel pursuant to Federal Rule of Civil Procedure 23(g).  Dkt. No. 260 at 44–45.

WHEREAS, on September 25, 2023, Judge Carter overruled Cengage's objections to the Report and Recommendation, certified the implied covenant claim in the above-captioned action to proceed as a class action against Defendant Cengage Learning, Inc. on behalf of the above-defined Classes, and appointed Susman Godfrey LLP as class counsel ("Class Counsel") pursuant to Federal Rule of Civil Procedure 23(g).  Dkt. No. 279 at 17.

WHEREAS, on February 8, 2024, the United States Court of Appeals for the Second Circuit denied Cengage's request, pursuant to Federal Rule of Civil Procedure 23(f), for leave to immediately appeal the Court's order granting class certification.  Dkt. No. 296.

WHEREAS, the Court has reviewed the proposed notices submitted by Class Counsel, as well as the accompanying motion, supporting documents, and declarations describing the form and manner of notice, and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court approves the form and contents of the Short-Form and Long-Form Notices (collectively, the "Notices") attached as Exhibits C and D, respectively, to the Declaration of Tiffaney A. Janowicz, filed on March 4, 2024.  The Notices shall be amended prior to mailing to update the placeholders currently in the Notices.

2. The proposed form and content of the Notices meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) because they "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an

attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The form and content of the notices, as well as the manner of dissemination described below, therefore meet the requirements of Rule 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

3. The Court approves the retention of Rust Consulting as the Notice Administrator.

4. By the later of either (1) 30 days after the Court grants Plaintiffs' motion for approval of class notice, or (2) June 1, 2024, Cengage must make best efforts to produce to Class Counsel a list of Class Members and their last known address.

5. Within twenty-one (21) days of receiving a final list with addresses of Class members from Cengage, Rust shall cause the Short-Form Notice attached as Exhibit C to the aforementioned Janowicz Declaration to be mailed, by first-class mail, postage prepaid, to all Class Members included on the list of Class members Cengage provides (the "Notice Date"). Prior to mailing Rust will update the addresses using the National Change of Address database, and Rust will re-mail any Short-Form Notices returned by the United States Postal Service with a forwarding address.

6. Rust shall simultaneously cause a copy of the Long-Form Notice attached as Exhibit D to the aforementioned Janowicz Declaration to be posted on the website designed for this lawsuit, from which Class members may download copies of the Long-Form Notice.

7. Within seven (7) days after mailing the notice, Rust will also cause the Short-Form Notice to be transmitted electronically via *PR Newswire*.

8. Rust will establish and maintain an automated toll-free number that Class Members

may call to obtain information about the litigation.

9. Class Members will be legally bound by all Court orders and judgment made in this class action and will not be able to maintain a separate lawsuit against Cengage for the same legal claims that are the subject of this lawsuit.

10. Class Members who wish to be excluded from the Class must send a letter to Rust requesting exclusion from either or both classes in the *Bernstein, et al., v. Cengage Learning, Inc.* class action, with his, her, or its name, address, telephone number, email address and signature. A Class Member, as applicable, may request to be excluded from one or both classes. The exclusion request must be postmarked no later than thirty (30) days after the Notice Date (the "Exclusion Deadline").

11. Class Counsel shall file with the Court proof of mailing of the Short-Form Notice and proof of website posting for the Long-Form Notice within fourteen (14) days of the Notice Date.

12. This Order may be modified by the Court upon motion by either or both parties, for good cause shown.

**IT IS SO ORDERED.**  March 20, 2024

_____
Sarah L. Cave
United States Magistrate Judge