UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS BERNSTEIN, ELAINE INGULLI, TERRY HALBERT, EDWARD ROY, LOUIS PENNER, and ROSS PARKE, as personal representative of THE ESTATE OF ALISON CLARKE-STEWART, on behalf of themselves and others similarly situated,<br><br>     Plaintiffs,<br><br> vs.<br><br>CENGAGE LEARNING, INC.,<br><br>     Defendant. | Civil Action No. 19-cv-7541-ALC-SLC |

**ORDER PRELIMINARILY
APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING CLASS**

WHEREAS, Class Counsel has applied for an order preliminarily approving the terms and conditions of the Settlement with Defendant Cengage Learning, Inc. ("Cengage" or "Defendant"), as set forth in the Joint Stipulation and Settlement Agreement ("Agreement") that is attached as Exhibit 2 to the Declaration of Chanler A. Langham;

WHEREAS, this application is uncontested by Defendant; and

WHEREAS, this Court having considered the Agreement, Class Plaintiffs' Motion for Preliminary Approval and Class Certification and all papers filed in support of such motion.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), it is hereby ORDERED that:

1. The capitalized terms used herein shall have the meanings set forth in the Agreement.

2. Pursuant to Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Settlement Class based on the relevant factors under Rule 23(e)(2) and *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 463 (2d Cir. 1974), subject to the right of any Settlement Class Member to challenge the fairness, reasonableness, or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendant, and ordering the release of the Author Released Claims and Cengage Released Claims against the Released Parties, should not be entered after due and adequate notice to the Settlement Class as set forth in the Agreement and after a hearing on final approval.

3. The Court finds that the Agreement was entered into at arm's length by highly experienced counsel with the assistance of a mediator and is sufficiently within the range of

reasonableness that notice of the Agreement should be given as provided in the Agreement.

4.  The Court finds that the proposed plan of allocation, attached as Exhibit 3 to the Declaration of Chanler A. Langham, is sufficiently fair and reasonable that notice of the distribution plan should be given as provided in the Notice.

5.  Pursuant to Rule 23(e)(1)(B)(ii), the Court also finds that it will likely be able to certify the Settlement Class, consisting of "All authors of royalty-bearing works who entered into a publishing agreement with Cengage Learning, Inc., or one of its predecessors-in-interest, and whose royalty-bearing works have (a) been sold as a component of a MindTap product and have been assigned a Digital Royalty Allocation other than 100%; or (b) been available on Cengage Unlimited" for purposes of judgment on the proposal under Rule 23(b)(3). This definition includes heirs and assigns of authors in the Settlement Class and excludes: "(1) Defendant Cengage and its officers and directors, members of their immediate families, and the heirs, successors, or assigns of any of the foregoing; (2) the Court, the Court's immediate family, and Court staff, as well as any appellate court to which this matter is ever assigned and the staff and immediate family members of the Court; (3) any Opt-Outs; and (4) any and all persons with whom Cengage previous settled, and who have released Cengage from, the claims at issue in this Action."

6.  The Court finds that it will likely certify the class for purposes of judgment on the proposal because: (i) the Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiffs' claims present common issues that are typical of the Settlement Class; (iii) Plaintiffs and Class Counsel will fairly and adequately represent the Settlement Class; and (iv) common issues predominate over any individual issues affecting the Settlement Class Members. The Court further finds that Plaintiffs' interests are aligned with the interests of all other Settlement Class Members. The Court also finds that resolution of this action on a class basis for purposes of the

Settlement is superior to other means of resolution.

7. The Court hereby appoints Susman Godfrey L.L.P. as counsel to the Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8. Plaintiffs Douglas Bernstein, Edward Roy, Louis Penner, Ross Parke (as personal representative of the estate of Alison Clarke-Stewart), Elaine Ingulli, and Terry Halbert will serve as representatives of the Settlement Class for purposes of the Settlement.

9. The Court appoints Rust Consulting, Inc., a competent firm, as the Settlement Administrator. Funds incurred and that become payable prior to the Effective Date of the Agreement will be paid by Cengage directly and Cengage will receive credit toward the Settlement Amount for any such payments, as set forth in the Agreement. Funds incurred and that become payable after the Effective Date of the Agreement will be paid from the Final Settlement Fund as they become due. The Settlement Administrator shall be responsible for receiving requests for exclusion from Settlement Class Members.

10. As of September 19, 2024, all proceedings in the above-captioned class action have been stayed. All proceedings shall remain stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11. Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to Settlement Class Members through the Notices, attached as Exhibits C and D to the Declaration of Tiffaney A. Janowicz (the "Janowicz Declaration"), and through the notice program described in Section III of the Agreement and Paragraphs 6–14 of the Janowicz Declaration. The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the

circumstances as well as valid, due and sufficient notice to the Settlement Class and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

12. Upon entry of this Preliminary Approval Order, the parties shall begin implementation of the notice program as outlined in Section III of the Agreement and Paragraphs 6–14 of the Janowicz Declaration.

13. Within fourteen (14) days of entry of this Preliminary Approval Order, Cengage will produce a class list that includes the names and contact information for all Settlement Class Members and payees who are potential Settlement Class Members to be used for purposes of Class Notice. Cengage shall provide only the most recent contact information in its possession and will not be obligated to search for updated contact information.

14. Within fourteen (14) days of receiving a final list with addresses of Settlement Class Members from Cengage, Rust shall cause the Short-Form Notice attached as Exhibit C to the Janowicz Declaration to be mailed, by first-class mail, postage prepaid, to all Settlement Class Members included on the list of Settlement Class Members Cengage provides (the "Notice Date"). Prior to mailing Rust will update the addresses using the National Change of Address database. If a Class Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will endeavor to: (i) re-mail any Class Notice so returned with a forwarding address; and (ii) make reasonable efforts to attempt to find an address for any returned Class Notice that does not include a forwarding address. The Settlement Administrator will endeavor to re-mail the Class Notice to every person and entity in the Notice List for which it obtains an updated address.

15. Rust shall simultaneously cause a copy of the Long-Form Notice attached as Exhibit D to the Janowicz Declaration to be posted on the website designed for this lawsuit, from

which Settlement Class Members may download copies of the Long-Form Notice. Any Court-approved changes to the Agreement, or to any filings made in connection with the Agreement, may be posted to that website address, and by doing so, will be deemed due and sufficient notice to Settlement Class Members in compliance with Due Process and Rule 23 of the Federal Rules of Civil Procedure.

16. Within seven (7) days after mailing the notice, Rust will also cause the Short-Form Notice to be transmitted electronically via *PR Newswire*.

17. Rust will establish and maintain an automated toll-free number that Settlement Class Members may call to obtain information about the litigation and Settlement.

18. Any member of the Settlement Class may request to be excluded from the Class. To be effective, written notice must be postmarked no later than 30 days after the Notice Date as set forth in the Notice. Exclusion requests must clearly state that the Settlement Class Member desires to be excluded from the Settlement Class, must include the full name, address, telephone number, and email address, if any, of the Settlement Class Member, must identify the title of the Settlement Class Member(s) work or works that is or are available on MindTap or Cengage Unlimited, and must be signed by such person or entity or by a person providing a valid power of attorney to act on behalf of such person or entity.

19. Any Settlement Class Member that does not submit a timely, written request for exclusion from the Class in accordance with the foregoing paragraph shall be bound by all proceedings, orders, and judgments in the Action. A list reflecting all valid requests for exclusion shall be filed with the Court, by Class Counsel, prior to the Fairness Hearing.

20. Settlement Class Members may object to this Settlement by filing a written objection with the Court and serving any such written objection on counsel for the respective

Parties (as identified in the Class Notice) no later than thirty (30) calendar days after the Notice Date. The objection must contain: (1) the full name, address, telephone number, and email address, if any, of the Settlement Class Member; (2) the title of the Settlement Class Member(s) work or works that is or are available on MindTap or Cengage Unlimited; (3) a written statement of all grounds for the objection accompanied by any legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; and (6) the signature of the Settlement Class Member or his/her counsel. If an objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing the objecting Settlement Class Member who will appear at the Fairness Hearing. Settlement Class Members who do not timely make their objections as provided in this paragraph will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

21.  The Court hereby schedules a Final Fairness Hearing to occur on **February 26, 2025, at 3 PM ET** by telephone conference to determine whether (i) the proposed Settlement as set forth in the Agreement, should be finally approved as fair, reasonable and adequate pursuant to the Federal Rule of Civil Procedure 23(e)(2); (ii) the Settlement Class shall be certified for purposes of judgment on the proposal, (iii) an order approving the Agreement and a Final Judgment should be entered; (iv) an order approving a proposed plan of allocation should be approved; and (v) the application of Class Counsel for an award of attorneys' fees, expense reimbursements, and service awards ("Fee and Expense Request") in this matter should be approved.

22. The Court hereby adopts the following schedule for events and Court submissions which must be completed prior to the Fairness hearing. All time periods run from the date of this Preliminary Approval Order:

| EVENT | DAYS FROM PRELIMINARY APPROVAL |
|---|---|
| Cengage to Provide Class List | 14 Days |
| Notice of Class Action Settlement to be Mailed | 28 Days |
| Publication Notice to be Completed | 35 Days |
| Deadline to File Motion for Award of Attorneys' Fees, Expenses, and Service Awards | 44 Days |
| Opt-Out and Objection Deadline | 58 Days |
| Deadline to File Final Approval Motion | 86 Days |
| Deadline to File Any Reply Brief in Support of Any Motion | 100 Days |
| Final Approval Hearing | 107 Days |

23. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendant or (ii) of any fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

24. Neither this Order, the Agreement, the Settlement contained therein, nor any act performed, or document executed pursuant to or in furtherance of the Settlement is or may be used as an admission or evidence that the claims of Plaintiffs or the Settlement Class lacked merit in any proceeding.

25. If the Settlement or the Agreement fails to be approved, fails to become effective, or otherwise fails to be consummated, is declared void, or if there is no Effective Date, then the

parties will be returned to *status quo ante* as of September 13, 2024, as if the Agreement had never been negotiated or executed, with the right to assert in the Action any argument or defense that was available to it at that time, except that no Settlement Administration Expenses shall be recouped.

26. No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendant will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b). Thereafter, Defendant will serve any supplemental CAFA Notice as appropriate.

**IT IS SO ORDERED.**

DATED: _____November 25_____, 2024

                                                 Andrew L. Carter, Jr.
                                               UNITED STATES DISTRICT JUDGE

                                               November 25, 2024
                                               New York, NY