USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  February 26, 2025

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DOUGLAS BERNSTEIN, ELAINE INGULLI, TERRY HALBERT, EDWARD ROY, LOUIS PENNER, and ROSS PARKE, as personal representative of THE ESTATE OF ALISON CLARKE-STEWART, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CENGAGE LEARNING, INC.,<br><br>Defendant. | Civil Action No. 19-cv-7541-ALC-SLC |

**ORDER APPROVING**
**CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS**

WHEREAS, Plaintiffs Douglas Bernstein, Edward Roy, Louis Penner, Ross Parke, as personal representative of the estate of Alison Clarke-Stewart, Elaine Ingulli, and Terry Halbert, as individuals and on behalf of all other members of the proposed Settlement Class, entered a settlement (the "Settlement," Dkt. No. 323-2) with Defendant Cengage Learning, Inc.;

WHEREAS, on November 25, 2024, the Court entered its Order Preliminarily Approving Class Action Settlement and Certifying Class (Dkt. No. 328) ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters;

WHEREAS, on December 23, 2024, the approved short-form notice was mailed to the addresses of Settlement Class Members on the Class List provided by Cengage on December 9, 2024, and the approved long-form notice was posted to the dedicated website for this Action;

WHEREAS, on December 30, 2024, the approved short-form notice was transmitted as a nationwide press release via *PR Newswire*;

WHEREAS, no Settlement Class Member objected to the Settlement by the deadline provided for in the Preliminary Approval Order;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Cengage; and

WHEREAS, this Court has considered Plaintiffs' Motion for Final Approval and Class Certification, supporting declarations, oral argument presented at the fairness hearing, and the complete records and files in this matter.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED:

1.      The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement (Dkt. No. 323-2).

2.      The Preliminary Approval Order outlined the form and manner by which Plaintiffs would provide potential Settlement Class Members with notice of the Settlement, the fairness hearing, and related matters. Proof that Notice complied with the Preliminary Approval Order has been filed with the Court and is further detailed in the Motion for Final Approval and Class Certification and supporting documents. Dkt. Nos. 334–336. The Notice given to potential Settlement Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3.      The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement in accordance with the terms of the Class Action Fairness Act, 28 U.S.C. § 1715(b). Dkt. No. 337.

4.      The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken with the assistance of a mediator and in good faith by counsel with significant experience litigating class actions.

5.      Pursuant to Federal Rule of Civil Procedure 23 and in light of the proposed Settlement, the Court certifies the Settlement Class, consisting of "All authors of royalty-bearing works who entered into a publishing agreement with Cengage Learning, Inc., or one of its predecessors-in-interest, and whose royalty-bearing works have (a) been sold as a component of a MindTap product and have been assigned a Digital Royalty Allocation other than 100%; or (b) been available on Cengage Unlimited," for purposes of judgment on the proposal under Rule 23(b)(3). Included in this definition are the heirs of any author who meets the foregoing criteria or the assignee of the contractual rights of any such author. For purposes of the Settlement and this Order, the definition excludes the following authors, who previously released claims against Cengage: David Knox, Caroline Schact, Jonathan Duchac, Grafton Hall, Karen Kirst-Ashman, Behrouz A. Forouzan for *Computer Science: A Structured Approach Using C* only, Cecie Starr for all works except *Biology: The Dynamic Sciences*, Lisa Starr Goodin for all works except *Biology: The Dynamic Sciences*, and Christine Ever for all works except *Biology: The Dynamic Sciences*. Also excluded is Diane L. France, who submitted a timely and valid written request to be excluded from the Settlement Class. Finally, the definition excludes Defendant Cengage and its officers and directors, members of their immediate families, and the heirs, successors, or assigns of any of the foregoing and the Court, the Court's immediate family, and Court staff, as well as any appellate

court to which this matter is ever assigned and the staff and immediate family members of the Court.

6.      The Settlement is fully and finally approved because its terms are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and the Court directs its consummation pursuant to its terms and conditions. In reaching this conclusion, the Court considered the four factors listed in Rule 23(e)(2) and the nine factors listed in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

7.      In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Settlement Class's reaction to the Settlement, and the result achieved. No objections to the Settlement or the plan of allocation were received or timely filed.

8.      The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement as well as any supplemental application for reimbursement of costs or expenses incurred by Class Counsel or the Settlement Administrator on behalf of the Class.

9.      Cengage shall fund the Settlement Fund Account in accordance with the terms of the Settlement Agreement.

10.      Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

11.      The distribution plan, as described in the Motion for Final Approval and Class Certification and supporting documents, and previously preliminarily approved by the Court, is approved because it is fair, reasonable, and adequate.

12.     The parties shall submit a proposed final judgment consistent with the Settlement

and this Order within seven days of entry of this Order.


**IT IS SO ORDERED.**


DATED: _____February 26_____, 2025



_____
Andrew L. Carter, Jr.
UNITED STATES DISTRICT JUDGE