USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: __March 10, 2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOUGLAS BERNSTEIN, ELAINE INGULLI, TERRY HALBERT, EDWARD ROY, LOUIS PENNER, and ROSS PARKE, as personal representative of THE ESTATE OF ALISON CLARKE-STEWART, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CENGAGE LEARNING, INC.,<br><br>Defendant. | Civil Action No. 19-cv-7541-ALC-SLC |

# FINAL JUDGMENT

WHEREAS, Plaintiffs Douglas Bernstein, Edward Roy, Louis Penner, Ross Parke, as personal representative of the estate of Alison Clarke-Stewart, Elaine Ingulli, and Terry Halbert, as individuals and on behalf of all similarly situated, entered a settlement (the "Settlement," Dkt. No. 323-2) with Defendant Cengage Learning, Inc. ("Cengage");

WHEREAS, on November 25, 2024, the Court entered its Order Preliminarily Approving Class Action Settlement and Certifying Class (Dkt. No. 328) ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters. Notice was provided to the Class pursuant to the Preliminary Approval Order, and the Court held a fairness hearing on February 26, 2025, at 1:00pm ET.

WHEREAS, on February 26, 2025, the Court entered an Order Approving Class Action Settlement and Certifying Settlement Class ("Final Approval Order") (Dkt. No. 298).

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED:**

1. The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement (Dkt. No. 323-2), which is incorporated herein by referenced.

2. The Order and Judgment shall apply to and bind the Releasing Parties as defined and set forth in Paragraphs 28 and 57 of the Settlement Agreement.

3. The Court has jurisdiction over the subject matter of this action and the Releasing Parties are subject to this Court's jurisdiction for purposes of implementing and enforcing the Settlement, bar order, and releases contained herein.

4. The Order and Judgment shall operate as a complete and permanent bar order that discharges and releases the Released Claims by the Releasing Parties. The Released Claims do not include the Excluded Claims as defined and set forth in Paragraph 25 of the Settlement Agreement.

5. The Releasing Parties shall be deemed to have, and by operation of this Order and Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties of and from all Released Claims.

6. The institution, maintenance, and prosecution by any of the Releasing Parties, either directly, individually, representatively, derivatively, or in any other capacity, by whatever means, of any other action against the Released Parties in any court, or in any agency or other authority or arbitral or other forum wherever located, asserting any of the Released Claims is permanently and completely barred, enjoined, and restrained.

7. The applicability of this Order and Judgment and the bar order and releases contained herein shall not be dependent on a Releasing Party's actual receipt of any settlement proceeds obtained through this Settlement.

8. The Released Parties may file the Agreement and/or this Order and Judgment in any action that may be brought against them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. Within 30 calendar days after the Effective Date, the Settlement Administrator shall calculate each Settlement Class Member's distribution pursuant to the plan of allocation proposed by Class Counsel and approved by the Court (Dkt. No. 323-3) and, within 14 days after that, send for delivery by U.S. mail a settlement check in the amount of the share of the Net Settlement Fund to which he/she/it is entitled.

10. The Releasing Parties are permanently barred, enjoined, and restrained from making any claims against the Settlement Fund, and all persons, including the Settlement Administrator, Plaintiffs and Class Counsel, Defendant and its counsel, are released and discharged from any claims arising out of the administration, management, or distribution of the Settlement Fund.

11. There is no just reason for delay in directing entry of an Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

12. The Settlement Fund Account is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13. Settlement Administration Expenses may be paid out of the Settlement Fund as they become due, subject to the terms of the Settlement.

14. Neither the fact nor substance of the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as a presumption, inference, or

admission of fault, liability, injury, or wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

15. The Action is dismissed with prejudice as to Defendant and, except as provided in the Settlement Agreement and the Court's Order Awarding Fees, Expenses, and Service Awards (Dkt. No. 342) and the Final Approval Order (Dkt. No. 341), without costs to either party.

16. Without affecting the finality of this Order and Judgment, the Court specifically retains continuing and exclusive jurisdiction over the enforcement of this Order and Judgment and bar order and the enforcement of the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____March 10_____, 2025

_Andrew L. Carter, Jr._ (signature)

Andrew L. Carter, Jr.
UNITED STATES DISTRICT JUDGE